# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIUSZ OSZCEPINSKI, in his own right and on behalf of JOZEFA OSZCZEPINSKI, and on behalf of Plaintiff and the Class members described below,<br><br>    Plaintiff,<br><br>    v.<br><br>DOVENMUEHLE MORTGAGE, INC., and BMO HARRIS BANK, N.A.,<br><br>    Defendants. | Case No. 21-CV-2621 |

## NOTICE OF REMOVAL

Defendant Dovenmuehle Mortgage, Inc. ("DMI"), hereby removes the above-captioned action to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Removal to this Court is proper based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In support of this Notice of Removal, DMI states as follows:

### THE STATE COURT ACTION

1. On or about March 17, 2021, Plaintiff Mariusz Oszcepinski ("Plaintiff" or "Oszcepinski") filed a Complaint against DMI and co-defendant BMO Harris Bank, N.A. ("BMO") in the General Chancery Division of the County Department of the Circuit Court of Cook County, Illinois (the "State Court"). The Complaint was assigned case number 2021-CH-01291. A copy of the Complaint and exhibits are attached hereto as **Exhibit A** ("Compl.").

2. In the Complaint, Plaintiff alleges that his family took out an open-end home equity line of credit ("HELOC") from BMO's predecessor, Harris Bank, in 2004. Compl. ¶ 22. According to Plaintiff, the HELOC was secured by the family's home. Plaintiff alleges that himself, his mother ("Jozefa"), and his now-deceased father ("Jozef") were all on the title to the home, and all three signed the HELOC agreement and mortgage. *Id.* ¶ 23.

3. Plaintiff further alleges that, in 2007, Plaintiff, his mother, and his father quitclaimed their interest in the property (subject to the mortgage) to Plaintiff and his wife ("Katarzyna"). Compl. ¶ 23. Plaintiff allegedly obtained a bankruptcy discharge of the debt in 2009. *Id.*

4. Plaintiff additionally alleges that the HELOC matured in 2014, and all sums outstanding had become due in 2014. Compl. ¶ 27. According to Plaintiff, no payments have been made on the HELOC by anyone since 2009. *Id.* ¶ 28.

5. Plaintiff alleges that DMI and BMO jointly sent a letter addressed to his father and mother dated August 27, 2020. Compl. ¶¶ 29-32 & Ex. A thereto.

6. Plaintiff further alleges that DMI sent an additional letter addressed to his father and mother dated March 3, 2021. Compl. ¶¶ 38-43 & Ex. B thereto.

7. The Complaint purports to assert two Count against DMI under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Compl. ¶¶ 69-76.

   a. In the first Count, Plaintiff alleges that DMI violated certain sections of the FDCPA by using a "false name" in connection with the collection of a debt. Compl. ¶¶ 69-72 (citing 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14)).

   b. In the second Count, Plaintiff alleges that DMI violated certain sections of the FDCPA by attempting to collect debts that were not legally enforceable. Compl. ¶¶ 73-76 (citing 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), and 1692e(10)).

8. The Complaint also purports to assert one Count against BMO (as successor to Harris Bank) for declaratory judgment and injunctive relief. Compl. ¶¶ 77-81.

2

9. In addition, Plaintiff seeks to represent two putative classes against DMI and one putative class against BMO. Compl. ¶¶ 60-62.

   a. The first putative class against DMI is defined to include "all persons (whether or not personally obligated) who were allegedly in default on the terms of their mortgage loan when they received a letter in the form represented by Exhibit B on or after a date one year prior to the filing of this action." Compl. ¶ 60.

   b. The second putative class against DMI is defined to include "all persons who were allegedly in default on the terms of their open end line of credit (whether or not personally obligated) secured by Illinois real estate, and whose line of credit had matured prior to March 3, 2016 without any payments being made after March 3, 2016, when they received a letter in the form represented by Exhibit A and/or Exhibit B on or after a date one year prior to the filing of this action." Compl. ¶ 61.

   c. The putative class against BMO is defined to include "all persons who were allegedly in default on the terms of their open end line of credit (whether or not personally obligated) secured by Illinois real estate, and whose line of credit had matured prior to March 3, 2016 without any payments being made after March 3, 2016, when they received a letter in the form represented by Exhibit A and/or Exhibit B on or after a date five years prior to the filing of this action." Compl. ¶ 62.[1]

10. As against DMI, Plaintiff seeks statutory damages on behalf of himself and putative class members. Compl. ¶¶ 72, 76. He also seeks actual damages on behalf of "any class members who paid money to DMI as a result of the conduct complained of." *Id.* In addition, Plaintiff requests costs, reasonable attorneys' fees, and such other relief as the Court deems just and proper as against DMI. *Id.*

11. As against BMO, Plaintiff seeks a declaration that "the lines of credit and mortgages of Plaintiff and the putative class members are not legally enforceable," an injunction prohibiting BMO from "attempting to collect the lines of credit and mortgages without disclosing that they are time-barred," costs of suit, and such other relief as the Court deems just and proper against BMO. Compl. ¶ 81.

---

[1] DMI and BMO deny that class certification is appropriate in this case and reserve their rights to contest class certification at an appropriate time.

**FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION AND THIS COURT HAS STANDING UNDER ARTICLE III**

12. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action "aris[es] under the Constitution, laws, or treaties of the United States." Jurisdiction exists under § 1331 "where an issue of federal law appears on the face of the complaint." *DeFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445–46 (3d Cir. 2003). *See also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (a claim "arises under" federal law "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

13. Here, federal question jurisdiction exists on the face of the Complaint, as Plaintiffs purports to bring claims against DMI under the federal FDCPA, 15 U.S.C. §§ 1692, *et seq.* *See* Compl. ¶¶ 69-76.

14. In addition, this Court has Article III standing with respect to this case for at least two reasons.

  a. First, Plaintiff seeks to recover actual damages for the putative classes pled against DMI, in the form of money allegedly paid "to DMI as a result of the conduct complained of." Compl. ¶¶ 60-61. According to Plaintiff, DMI sent letters to Plaintiff and the members of the putative classes "for the purpose of causing or inducing payments to be made on lines of credit." Compl. ¶ 57. This is sufficient to constitute an injury-in-fact under Article III. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1064 (7th Cir. 2020) (alleged "monetary losses" can constitute "tangible injuries" sufficient to support Article III standing).

  b. Second, Plaintiff claims that Defendants allegedly failed to inform Plaintiff and the members of the putative classes that their debts were allegedly time-barred and "represented that [BMO's] lien was judicially enforceable by foreclosure when the statute of limitations had expired." Compl. ¶ 2. Courts have found that such allegations of a failure "to provide substantive information" give rise to Article III standing. *See Wheeler v. Midland Funding LLC*, No. 15-c-11152, 2020 WL 1469449, at *3 (N.D. Ill. Mar. 26, 2020) (alleged failure to disclose that debts were time-barred gave rise to Article III standing); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16-c-2895, 2017 WL 1427070, at *3-4 (N.D. Ill. Apr. 21, 2017) (same); *Navarroli v. Midland Funding LLC*, No. 18-c-2047, 2019 WL 1044801, at *3 (N.D. Ill. Mar. 5, 2019) ("This Court adds its voice to the growing chorus within this district that has found standing in exactly this type of case."); *cf. Bazile v. Fin. Sys. of Green Bay, Inc.*,

4

983 F.3d 274, 280 (7th Cir. 2020) ("nonreceipt" of "substantive information" can "amount to a concrete injury" for Article III purposes).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

15. **Venue Is Proper**. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the Northern District of Illinois, which is the federal district court encompassing the court where the state court action was filed. 28 U.S.C. § 93(a)(1).

16. **Removal Is Timely**. On April 14, 2021, a summons and copy of the Complaint was served on DMI's registered agent for service of process. This Notice of Removal has been timely filed within thirty days of receipt of the summons described above, pursuant to 28 U.S.C. § 1446(b).

17. **Pleadings and Process**. Copies of all process, pleadings, orders, and other papers or exhibits of any kind on file with the state court are attached hereto as **Exhibit B**, in compliance with 28 U.S.C. § 1446(a). Defendant DMI has paid the appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

18. **Notice**. A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the State Court in which the action is pending and served on Plaintiff, pursuant to 28 U.S.C. § 1446(d) (attached hereto as **Exhibit C**). A copy of the Notice of Removal to All Adverse Parties will be served promptly on Plaintiff, pursuant to 28 U.S.C. §§ 1446(a), (d) (attached hereto as **Exhibit D**).

19. **Signature**. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed by counsel for the Defendant DMI below.

20. **No Prior Removal**. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

21. **Consent**. BMO is the only other Defendant that has been properly joined and served in this action. Pursuant to 28 U.S.C. § 1446(b)(2)(A), BMO consents to the removal of this action, as reflected in the consent form attached as **Exhibit E** hereto.

22. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and this action therefore may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

23. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, DMI respectfully requests the opportunity to submit such additional briefing, argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant DMI respectfully removes this action from the Circuit Court of Cook County, Illinois, Case No. 2021-CH-01291, to this Court.

Dated: May 14, 2021

Respectfully submitted,

By: */s/ Christopher S. Comstock*
Lucia Nale
Christopher S. Comstock
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
Facsimile: (312) 701-7111
lnale@mayerbrown.com
ccomstock@mayerbrown.com

*Attorneys for Defendant Dovenmuehle Mortgage, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2021, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by email and first-class U.S. mail to counsel for plaintiff and counsel for co-defendant BMO Harris Bank, N.A. at the addresses and email addresses below:

Daniel A. Edelman
Tara L. Goodwin
David Kim
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
courtecl@edcombs.com
dedelman@edcombs.com
tgoodwin@edcombs.com
dkim@edcombs.com

*Counsel for Plaintiff Mariusz Oszcepinski*


Brett J. Natarelli
**MANATT, PHELPS & PHILLIPS, LLP**
151 N. Franklin St., Suite 2600
Chicago, Illinois 60606
(312) 529-6300
bnatarelli@manatt.com

*Counsel for Defendant BMO Harris Bank, N.A.*


                         By: */s/ Christopher S. Comstock*
                              Christopher S. Comstock