# EXHIBIT A

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| MARIUSZ OSZCEPINSKI, in his own right and on behalf of JOZEFA OSZCZEPINSKI, and on behalf of Plaintiff and the Class members described below, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| DOVENMUEHLE MORTGAGE, INC., and BMO HARRIS BANK, N.A., | ) ) ) |
| Defendants. | ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Mariusz Oszczepinski brings this action in his own right and as next friend of his elderly mother Jozefa Oszczepinski.  He sues on behalf of himself and a class of others similarly situated.    Plaintiff seeks redress for improper collection practices by Defendant Dovenmuehle Mortgage, Inc. ("DMI") on behalf of Defendant BMO Harris Bank, N.A. ("Harris Bank").

2.      Plaintiff alleges that DMI, a default mortgage loan servicer, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), when it communicated with Plaintiff and others similarly situated to enforce consumer mortgage debts.  Plaintiff complains that DMI sent communications under the name of Harris Bank in violation of 15 U.S.C. §1692e, §1692e(10) and §1692e(14).   Plaintiff further complains that DMI represented that Harris Bank's lien was judicially enforceable by foreclosure when the statute of limitations had expired, in violation of 15 U.S.C. §1692e, §1692e(4) and §1692e(10).  Finally, Plaintiff seeks a judgment declaring that the lien is not enforceable and invalid.

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

1

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct," and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

6.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.     Plaintiff seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692, *et seq.*

### JURISDICTION AND VENUE

8.     Personal jurisdiction exists under 735 ILCS 5/2-209 because each Defendant is headquartered in Illinois and the communications that give rise to Plaintiff's claims took place in Illinois.

9.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because many of the acts and transactions giving rise to this action occurred in this County. Each Defendant is (a) authorized to conduct business in this County and has intentionally availed itself of the laws and markets within this County; (b) conducts substantial business in this County; and (c) is subject to personal jurisdiction in this County. Moreover, each Defendant has places of business in this County.

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

## PARTIES

10.     Plaintiff Mariusz Oszcepinski  is a natural person who resides in Cook County, Illinois.  He owns a home in Streamwood, Illinois.

11.     Plaintiff Mariusz Oszcepinski informally handles the affairs of Jozefa on account of her advanced age, and pursuant to the authority granted him received and opened the communications addressed to her.  He sues both in his own right and as next friend of Jozefa.

12.     Defendant DMI is a  corporation formed under the laws of the State of Delaware. DMI's  principal place of business is  located at 1 Corporate Drive, Suite 350, Lake Zurich, Illinois 60047.  It also has offices at 1206 St. Charles St., Elgin, IL 60120, and 101 Overland Dr., North Aurora, IL 60542.

13.     DMI is a large mortgage subservicing company that services consumer residential loans and home equity lines of credit on behalf of commercial banks, savings banks, credit unions, insurance companies, mortgage banking companies and state and local housing finance agencies nationwide, and in the State of Illinois.

14.     Many of the mortgages and lines of credit, including that of Plaintiff, were in default prior to the time DMI first became involved with them.

15.     DMI is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects debts owed to others and is engaged in the principal  business of collecting debts.

16.     According to DMI's website, the services it provides to its clients include "collections" and "default administration."[1]

17.     DMI's website also has an entire page discussing the potential options available to mortgagors for whom "it is not likely that [they] will be able to bring [their] loan[s] current" and/or who "cannot continue to make [their] monthly mortgage payments."[2]

18.     These sections of DMI's website indicate that a large number of the mortgage

---

[1]  https://www.dovenmuehle.com/about
[2]  https://www.dovenmuehle.com/alternatives

3

loans it attempts to collect are in default.

19.     DMI uses the mails and telephone to collect consumer debts allegedly owed to others; in this case Harris Bank.

20.     Defendant Harris Bank is a federally-chartered banking corporation with its principal offices at 111 W. Monroe, Chicago, IL 60602.

## FACTS RELATING TO PLAINTIFF

21.     As of September 11, 2020, DMI became the servicer for an open-end home equity line of credit secured by Mariusz Oszcepinski's home.

22.     The line of credit was obtained from Harris Bank in 2004.

23.     At the time, the persons on the title of the home were Mariusz Oszcepinski (then unmarried), his mother Jozefa Oszcepinski, and his now-deceased father Jozef Oszcepinski. All three signed both the credit agreement and the mortgage. Subsequently, in 2007, Jozefa and Jozef (and Mariusz) quitclaimed their interests in the property (subject to the mortgage) to Mariusz and his wife Katarzyna Oszczepinski.  Mariusz obtained a bankruptcy discharge of the debt in 2009.

24.     The proceeds of the line of credit were used for personal, family or household purposes and not for business purposes.

25.     On information and belief, Harris Bank transferred subservicing of a large number of mortgage loans and lines of credit, including Plaintiff's line of credit, to DMI effective September 11, 2020.  Many of those loans, including Plaintiff's line of credit, were in default.

26.     At the time that DMI became the servicer for Harris Bank, the 2004 line of credit was in default.

27.     The loan had matured in 2014, and all sums outstanding had become due in 2014.

28.     No payments had been made on the line of credit by anyone since 2009.

29.     On or about August 27, 2020, Harris Bank and DMI jointly sent the letter

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

attached as <u>Exhibit A</u> to  "Jozef" and "Jozefa."

30.     Mariusz received and read <u>Exhibit A</u>.

31.     <u>Exhibit A</u> is a form letter.

32.     The August 27, 2020 letter is signed by "Bernadette McDonnell, Vice

President and Assistant Secretary, Dovenmuehle Mortgage, Inc."

33.     DMI's August 27, 2020 letter is the initial communication DMI sent regarding the

debt described therein.

34.     The FDCPA defines "communication" as "the conveying of information

regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. §1692a(2).

35.     DMI's August 27, 2020 letter is a communication within the  meaning of the

FDCPA.

36.     The August 27, 2020 letter demanded payment.

37.     15 U.S.C. §1692e(14) prohibits the use of any business, company, or organization

name other than the true name of the debt collector's business, company, or organization.

38.     On or about March 3, 2021, DMI (and not Harris Bank) sent the letter attached as

<u>Exhibit B</u>, addressed to Jozef Jozefa and Jozefa Oszcepinski.

39.     Mariusz received and opened it.

40.     <u>Exhibit B</u> is a form letter.

41.     <u>Exhibit B</u>  offers "loss mitigation" alternatives.

42.     <u>Exhibit B</u> represents or implies that Harris Bank's mortgage is legally

enforceable, stating that "We would evaluate the possibility of allowing you to deed your home

to BMO Harris Bank to avoid possible foreclosure."

43.     <u>Exhibit B</u> further stated that if the reader had obtained a bankruptcy discharge

"your obligation on the underlying Note may have been extinguished.  BMO Harris Bank,

however, maintains valid lien rights in the collateral post-discharge, which may be enforced as to

the property.

5

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

44.     The statute of limitations applicable to an open-end line of credit is five years under 735 ILCS 5/13-205.  *Portfolio Acquisitions, L.L.C. v. Feltman,* 391 Ill. App. 3d 642, 909 N.E.2d 876 (2009); *United Guarantee Residential v. Richardson*, 2018 M6 3965 (Jan. 28, 2019); *United Guarantee v. DelRicco*, 2018 M5 1118 (June 26, 2019);  *Manlangit v. FCI Lender Servs.,* 19cv03265, 2020 U.S. Dist. LEXIS 169555, at *9,  2020 WL 5570092 (N.D. Ill. Sep. 16, 2020).

45.     The five years begin running no later than acceleration or maturity of the line of credit.  *Manlangit v. FCI Lender Servs., supra,*  2020 U.S. Dist. LEXIS 169555, at *9 (a motion to reconsider arguing that it is five years from breach was pending in *Manlangit* when the parties settled the matter).

46.     The running of the statute on the credit agreement bars action on the mortgage as well.  "[L]ong-standing Illinois law precludes a plaintiff from foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule." *United Central Bank v. KMWC 845, LLC,* 800 F.3d 307, 311 (7th Cir. 2015), citing *Hibernian Banking Ass'n v. Commercial Nat. Bank*, 157 Ill. 524, 41 N.E. 919, 922 (1895) ("[I]t has been repeatedly decided by this court that the mortgage is a mere incident of the debt, and is barred when the debt is barred[.]").

47.     Exhibit B is a form letter.

48.     Exhibit B is a "communication" as defined by 15 U.S.C. § 1692a(2).

49.     DMI sent numerous letters in the forms represented by Exhibit A and Exhibit B with respect to lines of credit which had matured more than five years previously and on which no payments had been made during the previous five years.

50.     The address referenced in the March 3, 2021 letter is DMI's address, and is not the address of Harris Bank.

51.     In its ordinary course of collecting debts from mortgagors, DMI uses the terms "Mortgage Servicing" and/or "Loan Servicing" to refer to itself.

52.     Consistent with this common practice, the March 3, 2021 letter DMI  uses these

terms.

53.     Although the March 3, 2021 letter (Exhibit B) was sent by DMI (and not Harris Bank), DMI uses Harris Bank's name and corporate logo in the top margin.

54.     In fact, DMI never once identifies itself in the March 3, 2021 letter, and instead uses the general terms "Mortgage Servicing" and/or "Loan Servicing" to refer to itself.

55.     Harris Bank is not the true name of DMI.

56.     DMI sent Exhibit B as agent of Harris Bank.

57.     DMI sent Exhibit B for the purpose of causing or inducing payments to be made on the line of credit.

58.     Exhibit B does not disclose that the statute of limitations had run on the line of credit and mortgage.

## CLASS ALLEGATIONS

59.     **Class Definitions**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of three classes, the "false name" class, the "statute of limitations" class, and the "Harris Bank" class.

60.     The "false name class" consists of all persons (whether or not personally obligated) who were allegedly in default on the terms of their mortgage loan when they received a letter in the form represented by Exhibit B on or after a date one year prior to the filing of this action.

61.     The "statute of limitations" class consists of all persons who were allegedly in default on the terms of their open end line of credit (whether or not personally obligated) secured by Illinois real estate, and whose line of credit had matured prior to March 3, 2016 without any payments being made after March 3, 2016, when they received a letter in the form represented by Exhibit A and/or Exhibit B on or after a date one year prior to the filing of this action.

62.     The "Harris Bank" class consists of all persons who were allegedly in default on the terms of their open end line of credit (whether or not personally obligated) secured by Illinois

7

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

real estate, and whose line of credit had matured prior to March 3, 2016 without any payments being made after March 3, 2016, when they received a letter in the form represented by <u>Exhibit A</u> and/or Exhibit B on or after a date five years prior to the filing of this action.

63.     Excluded from the Classes are: (1) DMI, Harris Bank, their agents, subsidiaries, parents, successors, predecessors, and any entity in which DMI, Harris Bank, or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Classes; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

64.     **Numerosity:** Upon information and belief, the members of the classes are so numerous that joinder would be impracticable. According to Dun and Bradstreet, at www.dnb.com, DMI's revenues exceed $100 million per year. DMI is a debt collector for many large banks, such as Harris Bank, across the nation. Harris Bank has numerous old lines of credit, left over from the mortgage crisis of 2008-2010, on its books.

65.     The exact number of members of the classes is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendants. Members of the classes can be easily identified through Defendants' records.

66.     **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the members of the Classes. Those common questions predominate over any questions that may affect individual members of the Classes. The common questions include, but are not limited to, the following:

      a.     Whether DMI's use of another's name and trademarks instead of its own and its use of "Loan Servicing" and "Mortgage Servicing" on its communications violated 15 U.S.C. §1692e(14);

      b.     Whether the statute of limitations has expired on the lines of credit and

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

mortgages of the "statute of limitations" and "Harris Bank" classes.

c.    Whether <u>Exhibit A</u> and <u>Exhibit B</u> state or imply that the lines of credit or mortgages of the members of the "statute of limitations" and "Harris Bank" classes are legally enforceable.

d.    The measure of damages.

67.    **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the classes and have retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes and Defendants have no defense unique to Plaintiff. Plaintiff's claims are typical of the claims of the proposed classes. All claims in this matter are based on the same legal and factual issues. Plaintiff and the members of the classes received substantially similar form communications that form the basis of their claims.

68.    **Appropriateness:** A class action is an appropriate method for the fair and efficient adjudication of this controversy because:

a.    Joinder of all parties is impracticable;

b.    It would be virtually impossible for the individual members of the Classes to obtain effective relief because the damages for individual members of the Classes are relatively small, especially given the burden and cost of individually conducting the complex litigation necessitated by Defendant's actions;

c.    Even if members of the Classes were able or willing to pursue individual litigation, a class action would still be preferable due to the fact that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies presented in this Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication,

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

economy of scale, and comprehensive supervision by a single Court, and would result in reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

### <u>COUNT I  – FDCPA CLASS CLAIM</u>

69.    Plaintiff  incorporates paragraphs 1-68

70.    This claim is against DMI on behalf of the "false name" class.

71.    DMI's communications with Plaintiff and the member of the "false name" class in the form represented by <u>Exhibit B</u> violated 15 U.S.C. §1692e, 1692e(10) and 1692e(14) by purporting to come from Harris Bank, when that was not the case.

72.    15 U.S.C. §1692e provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: .-.-.

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.-.-.-.

(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the statute of limitations class  and against DMI, as follows:

i.    Awarding Plaintiff and class members statutory damages;

ii.    Awarding any class members who paid money to DMI as a result of the conduct complained of actual damages;

iii.    Awarding Plaintiff and Subclass members costs and reasonable attorney's fees, as provided under 15 U.S.C. § 1692k(a)(3); and

iv.    Awarding any other relief as this Court deems just and appropriate.

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

## COUNT II – FDCPA CLASS CLAIM

73.     Plaintiff incorporates paragraphs 1-68

74.     This claim is against DMI on behalf of the "statute of limitations" class.

75.     DMI's communications with Plaintiff and the member of the statute of limitations class violated 15 U.S.C. §1692e, 1692e(2), 1692e(4) and 1692e(10) by representing that their debts were legally collectible and mortgages legally enforceable, when that was not the case.

76.     15 U.S.C. §1692e provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: .-.-.

(2)     The false representation of—

(A)     the character, amount, or legal status of any debt; .-.-.

(4)     The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. . . .

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.-.-.-.

(14)     The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the statute of limitations class and against DMI, as follows:

i.     Awarding Plaintiff and class members statutory damages;

ii.     Awarding any class members who paid money to DMI as a result of the conduct complained of actual damages;

iii.     Awarding Plaintiff and Subclass members costs and reasonable attorney's fees, as provided under 15 U.S.C. § 1692k(a)(3); and

iv.     Awarding any other relief as this Court deems just and appropriate.

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

**COUNT III ─ CLASS CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

77.     Plaintiff incorporates paragraphs 1-68.

78.     This claim is against Harris Bank on behalf of the Harris Bank class.

79.     There is a dispute between Harris Bank and the class as to whether the credit agreements and mortgages held by Harris Bank are time-barred.

80.     A declaratory judgment is necessary to resolve such controversy.

81.     Injunctive relief against further collection attempts is necessary to protect Plaintiff and the class.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Harris Bank class and against Harris Bank as follows:

i.      Declaring that the lines of credit and mortgages of Plaintiff and the class members are not legally enforceable.

ii.     Enjoining Harris Bank from attempting to collect the lines of credit and mortgages without disclosing that they are time-barred.

iii.    Awarding Plaintiff and class members costs;

iv.     Awarding any other relief as this Court deems just and appropriate

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
David Kim
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
dedelman@edcombs.com
tgoodwin@edcombs.com
dkim@edcombs.com
Atty. No. 41106 (Cook)

12

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
David Kim
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com
dedelman@edcombs.com
tgoodwin@edcombs.com
dkim@edcombs.com
www.edcombs.com
Atty. No. 41106 (Cook)

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

# EXHIBIT A

BMO  Harris Bank
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

+ ᒪᑏᒪᑏᑏᑏ ᑏᑏᑏᑏᑏᒪᑏᒪ ᑏᑏᑏᑏ
JOZEF, JOZEFA                                46204

August 27, 2020

**Old Loan Number:**
**New Loan Number:**

**OUR RECORDS SHOW THAT EITHER YOU ARE A DEBTOR IN ACTIVE BANKRUPTCY OR HAVE DISCHARGED PERSONAL LIABILITY FOR THE LOAN THROUGH BANKRUPTCY. THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION OR AN ATTEMPT TO RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Dear JOZEF, JOZEFA,

BMO is committed to providing you with the best possible service during the life of the Home Equity Line of Credit ("HELOC"), As part of our commitment, we have engaged Dovenmuehle Mortgage, Inc. (DMI), an industry leader in mortgage loan servicing, to service the HELOC in BMO's name. The BMO and DMI teams bring you the benefit of DMI's years of experience in mortgage loan servicing, coupled with BMO's continued involvement to ensure that you receive the level of attention and care that you deserve.

Enclosed you will find a Notice of Servicing Transfer which includes important information about the transfer. Below, we've provided additional information that you may find helpful when this change goes into effect on September 11, 2020.

**You will temporarily have limited access to your Home Equity Line of Credit from September 11, 2020 – September 18, 2020.** In addition, BMO and DMI will have limited visibility to Home Equity Lines of Credit details both in person and by phone.

**Account Information After September 18, 2020**

- To check the account balance, next payment date, or last payment received, call 1-866-571-8013 toll-free at any time.
- To speak with a representative about the HELOC, call 1-866-571-8013 between 7:30am and 7:00pm Central Time, Monday – Friday.

**Available Payment Options If You Wish To Make Payments**

- **Pay by Mail** Please include the new loan number on any mailed payment sent to:

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

BMO Harris Bank N.A. (by DMI)
P.O. Box 0054
Palatine, IL 60055-0054

- **Pay in Person** Payments will continue to be accepted at any BMO Harris branch. To find a branch near you, visit **bmoharris.com/locations.**

- **Pay by Phone** Call 1-866-571-8013 to use the automated phone system any time ($9.50 fee) or speak to a representative between 7:30am and 7:00pm Central Time, Monday – Friday ($11.50 fee).

- **PLEASE NOTE:** If you are in active bankruptcy and your bankruptcy plan requires you to send the regular monthly payments to the Trustee, you should comply with the terms of the bankruptcy plan. Please contact your attorney or the Trustee if you have any questions.

We look forward to providing you with the highest quality service.

Sincerely,

Mark Shulman
Head of Consumer Lending
BMO Harris Bank N.A.

Bernadette McDonnell
Vice President and Assistant Secretary
Dovenmuehle Mortgage, Inc.

FILED DATE: 3/17/2021 3:32 PM    2021CH01291



1963789 000046204 4847

JOZEF, JOZEFA

**BMO ▲▲ Harris Bank**

Old Loan Number:
New Loan Number:

**OUR RECORDS SHOW THAT EITHER YOU ARE A DEBTOR IN ACTIVE BANKRUPTCY OR HAVE DISCHARGED PERSONAL LIABILITY FOR THE LOAN THROUGH BANKRUPTCY. THIS NOTICE IS FOR INFORMATIONAL AND COMPLIANCE PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT IN VIOLATION OF THE AUTOMATIC STAY OR THE DISCHARGE INJUNCTION OR AN ATTEMPT TO RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

### Notice of Servicing Transfer

This letter contains important information about how the Home Equity Line of Credit ("HELOC"), will be serviced.

The servicing of the HELOC is being transferred to Dovenmuehle Mortgage, Inc. (DMI). DMI will be servicing the HELOC in BMO's name.

**What this means for you**
- DMI's servicing will not affect any term or condition of the HELOC other than terms directly related to the servicing of the HELOC.
- Starting September 11, 2020, (the "Effective Date"):
  - DMI will begin servicing the HELOC. If you wish to make payments, you may send payments to DMI on behalf of BMO at the following address:

    BMO Harris Bank N.A. (by DMI)
    P.O. Box 0054
    Palatine, IL 60055-0054

  - BMO will stop accepting mailed payments to any other address.
    - **PLEASE NOTE:** If you are in active bankruptcy and your bankruptcy plan requires you to send the regular monthly payments to the Trustee, you should comply with the terms of the bankruptcy plan. Please contact your attorney or the Trustee if you have any questions.

  - If you are making payments to BMO Harris Bank N.A. by means of automatic deduction, this service will continue with DMI <u>only</u> if you signed and returned the new automatic payment authorization form to BMO Harris Bank N.A.

If you have questions about the ***servicing of the HELOC,*** including any questions about the transfer of servicing, please contact:

    BMO Harris Bank (by DMI)
    Customer Service Department
    1 Corporate Drive, Suite 360
    Lake Zurich, IL 60047-8945
    1-866-571-8013

If you have ***specific questions about the transfer of servicing,*** you can also call BMO at 1-888-340-2265 and ask to speak to a BMO representative or write to BMO at:

    BMO Harris Bank N.A.
    Loan Maintenance Dept.
    P.O. Box 365
    Arlington Heights, IL 60006

Sincerely,

FILED DATE: 3/17/2021 3:32 PM   2021CH01291



FILED DATE: 3/17/2021 3:32 PM   2021CH01291

Mark Shulman
Head of Consumer Lending
BMO Harris Bank N.A.

Bernadette McDonnell
Vice President and Assistant Secretary
Dovenmuehle Mortgage, Inc.

**IMPORTANT NOTICES: PLEASE READ**

**We are required by the State of IL to provide you with the following information regarding your loan. This information is based on your loan balance as of August 3, 2020 and is subject to change depending on credit line activity.**

Your total monthly payment required for each of the next three months is:
SEPTEMBER 2020 : $38,014.36
OCTOBER 2020 : TBD
NOVEMBER 2020 : TBD

**Please find attached a copy of Dovenmuehle Mortgage, Inc.'s subservicing fee schedule.**

**The primary regulatory authority having jurisdiction over the residential lending activities of the new servicer to whom you are sending payments is the Consumer Financial Protection Bureau, P.O. Box 4503, Iowa City, Iowa 52244.**



FILED DATE: 3/17/2021 3:32 PM   2021CH01291

# **EXHIBIT B**

FILED DATE: 3/17/2021 3:32 PM   2021CH01291

 **BMO Harris Bank**

Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

March 03, 2021

MS1720

Jozef Jozefa
Jozefa Oszczepinska

**Important information** regarding your account:
Property Address:

**THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

RE: BMO Harris Bank Voluntary Loss Mitigation Program

Dear Jozef Jozefa and Jozefa Oszczepinska :

We are writing to introduce the BMO Harris Bank Loss Mitigation Program. Your account has been in default for an extended period of time, and this program, offering options designed to assist customers experiencing financial hardships, may be of assistance to you.

**How it Works**
Upon your request, the Loss Mitigation Department will work with you to complete a Loss Mitigation application. To complete your application, BMO Harris Bank will request certain documents and information which you will need to provide for us to identify options available to you. After we receive your completed application and requested information, we will evaluate your situation and determine if you qualify for one of the following options:

- A **Short Sale** may be applicable if the value of your home is valued at less than the remaining loan balance(s).

- A **Deed In Lieu Of Foreclosure** would be considered if you have tried to sell your home at fair market value but have not received any offers. We would evaluate the possibility of allowing you to deed your home to BMO Harris Bank to avoid possible foreclosure.

If you are interested in learning more about either of the above options, please call us at 1-866-397-5370 or e-mail us at lossmitproxy@yourmortgageonline.com.

**You have no obligation to respond, and participation in this program is completely voluntary. Furthermore, you are under no obligation to accept any proposed terms that BMO Harris Bank may offer.**

QL269/BJ7



BMO Harris Bank N.A.

NMLS
401052

FILED DATE: 3/17/2021 3:32 PM   2021CH01291



**BMO Harris Bank**

Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

Page 2 of 3          March 03, 2021          Loan Number: ██████████

If you already have a Loss Mitigation application pending and/or are working
with BMO Harris Bank on a Loss Mitigation option, this letter is for
information purposes only and you do not need to complete a new application.
If a foreclosure sale has been scheduled, please contact us immediately to
see if that sale can be delayed while we work with you on a possible loss
mitigation option.

HUD DISCLOSURE
For help exploring your options, the Federal government provides contact
information for housing counselors, which you can access by contacting the
Consumer Financial Protection Bureau at http://www.consumerfinance.gov/
find-a-housing-counselor/, the Department of Housing and Urban
Development at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm, or by
calling 1-800-569-4287 (TDD/TYY at 1-800-877-8339). You can also contact
HUD-approved credit counselors through the HOPE NOW hotline at
1-888-995-HOPE (4673). These housing counseling agencies may be able to
provide advice on buying a home, renting, defaults, foreclosures, and credit
issues.

Regardless of the type of hardship you are experiencing, whether it be
financial, medical, or otherwise; the goal of the BMO Harris Bank Loss
Mitigation Department is to work with you to try and find an option that may
support you. If there are other mortgage loans secured by this property,
please consider also contacting these mortgage holders to discuss available
loss mitigation options.

Please contact the BMO Harris Bank Loss Mitigation Department with any
questions using the contact information listed below.

BANKRUPTCY DISCLOSURE
If you are currently in a bankruptcy proceeding or if you have received a
discharge of this obligation in a prior bankruptcy proceeding, this letter
should not be construed as an attempt to collect a debt and this letter is
for notice and informational purposes only. If your debts were discharged in
a prior bankruptcy proceeding, your obligation on the underlying Note may
have been extinguished. BMO Harris Bank, however, maintains valid lien
rights in the collateral post-discharge, which may be enforced as to the
property.

Sincerely,


Loss Mitigation Department
BMO Harris Bank
Phone: 1-866-397-5370
Fax: 1-847-574-7569
E-Mail: lossmitproxy@yourmortgageonline.com          QL269/BJ7



NMLS
401052

BMO Harris Bank N.A.

 **BMO Harris Bank**

Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

FILED DATE: 3/17/2021 3:32 PM    2021CH01291

Page 3 of 3            March 03, 2021          Loan Number: ▮▮▮▮▮▮▮

## In Case of Errors or Questions Regarding Your Loan

If you believe we have made an error relating to our servicing of your loan
OR if you want to request any information regarding your loan, you may
contact us in writing at the following address:

> BMO Harris Bank
> Attention: Mail Stop NOE1290
> 1 Corporate Drive, Suite 360
> Lake Zurich, IL 60047-8945

*You have certain rights under federal law related to resolving errors and
requesting information about your account. To avail yourself of those
rights, **you must write us at the address above**, and on a separate sheet
of paper include the following information:*

- *Your name (and the borrower's name if different)*

- *Your loan account number (or other information that will allow us to
  identify your loan account, such as the address of the property)*

- *If you are writing about an error, provide a description of the error,
  explaining (if you can) why you believe there is an error*

- *If you are requesting information about your loan or a description of
  the information you need*

QL269/BJ7



NMLS
401052

BMO Harris Bank N.A.