IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIUSZ OSZCEPINSKI, | ) | |
| in his own right and on behalf of JOZEFA | ) | |
| OSZCZEPINSKI, | ) | |
| and on behalf of Plaintiff and | ) | |
| the Class members described below, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21cv2621 |
| | ) | Judge Chang |
| DOVENMUEHLE MORTGAGE, INC., | ) | |
| and BMO HARRIS BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

Plaintiff, Mariusz Oszcepinski, in his own right and on behalf of Jozefa Oszczepinski, respectfully requests that the Court, pursuant to 28 U.S.C. §1447(c), remand this action to the Circuit Court of Cook County, Illinois and to award attorneys' fees and costs incurred as a result of the removal.

The grounds for this motion are as follows:

**STATEMENT OF FACTS**

1. The Complaint in this matter alleges two claims against Dovenmuehle Mortgage, Inc. ("DMI") under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff alleges that DMI violated certain sections of the FDCPA by using a "false name" in connection with the collection of a debt. Plaintiff further alleges DMI attempted to collect time-barred debts. There is also a purely state law claim against BMO Harris Bank, seeking a declaratory judgment and injunctive relief.

2. DMI removed the action, claiming federal question jurisdiction.

3. The party invoking the jurisdiction of the District Court has the burden of

establishing that all aspects of federal jurisdiction, including the satisfaction of Article III requirements, exist. *Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

4. In the case of removal, the removing party bears that burden. *Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018); *Dixon v. Washington & Jane Smith Cmty.*, 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (May 31, 2018).

5. The Seventh Circuit has recently issued a number of decisions restricting Article III standing for FDCPA claims that merely allege a violation and seek statutory damages. *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.,* 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.,* 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.,* 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship,* 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Global Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); and most recently, *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339 (7th Cir. May 14, 2021).

6. A concurring opinion in the most recent Seventh Circuit decision, *Markakos v. Medicredit, Inc.,* states that "The result of our flurry of recent decisions is that, at least in this circuit, a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another." *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339, at *13-14 (7th Cir. May 14, 2021) (Ripple, J., concurring).

7. DMI asserts that Article III is satisfied because (Petition for Removal, par. 14a) "Plaintiff seeks to recover actual damages for the putative classes pled against DMI, in the form of money allegedly paid to DMI as a result of the conduct complained of."

8. The "injury" that gives rise to standing under Article III must be an injury to the Plaintiff, not third parties. *Spokeo, Inc. v. Robins*, 578 U. S. ___, 136 S. Ct. 1540, 194 L. Ed. 2d 635, 644 (2016). Sometimes persons in a contractual or similar relationship may raise the legal rights of the other party to the relationship, such as where physicians contracting to provide abortion services are allowed to raise the rights of their patients to receive the services, *June Med. Servs. L.L.C. v. Russo*, 140 S. Ct. 2103, 2144-45 (2020), but physicians prevented from providing services because of legal restrictions imposed on their patients clearly suffer "injury" themselves. Here, there is no relationship between Plaintiff and other putative class members, and Plaintiff is not injured because someone else is tricked into paying money.

9. Furthermore, DMI does not actually allege that anyone paid money as a result of any of the conduct complained of.

10. DMI further claims that failure to disclose that obligations are time-barred amounts to the nondisclosure of "substantive information" that can "amount to a concrete injury." (Petition for Removal, par. 14b)

11. While this may have been the law at one time, if "a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another," *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339, at *13-14 (7th Cir. May 14, 2021) (Ripple, J., concurring), it is hard to see how receipt of a letter threatening to enforce a time-barred obligation without disclosing that it is time-barred gives rise to standing. *Markakos* held that there was no standing where a debt collector sent a letter claiming 400% too much on behalf of an unidentifiable obligor, but the consumer retained counsel, disputed the debt, and refused to pay. "Markakos lacks standing to sue Medicredit under the FDCPA because she did not allege that the deficient information harmed her in any way. Instead, she admits that she properly disputed her

3

debt and never overpaid." *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339, at *2 (7th Cir. May 14, 2021) (principal opinion). See also, *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020) (Plaintiff alleging a debt collector overstated the amount owed in violation of §§1692e and 1692f was not sufficient to confer standing without also alleging additional concrete harm).

12. Here, the amount legally collectible is zero, but the consumer likewise retained counsel, disputed the debt, and refused to pay.

13. Any doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

14. In order to avoid jurisdictional issues, Plaintiff filed suit in an Illinois state court, which is a court of general jurisdiction not subject to Article III, and where an action seeking a judicial determination that one does not owe a debt is recognized as appropriate. *Tepper v. County of Lake,* 233 Ill. App. 3d 80, 598 N.E.2d 361 (2d Dist. 1992).

15. Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. §1447(c) which states "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005), the Supreme Court held "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

WHEREFORE the reasons stated above, Plaintiff request this Court to remand this matter back to Circuit Court of Cook County, Illinois and to award Plaintiff reasonable attorneys' fees and cost incurred as a result of the removal.

> Respectfully submitted,
>
> */s/ Daniel A. Edelman*
> Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
David Kim (ARDC 6303707)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 18, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

                                              */s/ Daniel A. Edelman*
                                              Daniel A. Edelman