**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIUSZ OSZCEPINSKI,<br>in his own right and on behalf of JOZEFA<br>OSZCZEPINSKI,<br>and on behalf of Plaintiff and the Class members<br>described below,<br><br>              Plaintiff,<br><br>     v.<br><br>DOVENMUEHLE MORTGAGE, INC.,<br>and BMO HARRIS BANK, N.A.,<br><br>           Defendants. | Case No. 1:21-cv-02621<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Maria Valdez |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

Plaintiff Mariusz Oszcepinski, in his own right and allegedly on behalf of Jozefa Oszczepinski ("Plaintiff") moves this Court to remand this case to Cook County Circuit Court and to award him the attorneys' fees and costs allegedly incurred in moving to remand.  Because this case was properly removed and removal certainly was not foreclosed by any "clearly established" law, the Court should deny the motion to remand and deny Plaintiff's request for fees and costs.

Plaintiff argues that this case was allegedly improperly removed because he has not alleged a concrete injury-in-fact and therefore does not have standing to maintain this lawsuit in federal court.  To the contrary, however, Plaintiff has standing for either of two independent reasons.

First, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), by failing to disclose in letters sent to his parents that the debt at issue was allegedly time barred under the applicable statute of limitations.  Courts in the Seventh Circuit have repeatedly held that an alleged failure to disclose that a debt is time barred impairs a

substantive interest that the FDCPA was designed to protect and, therefore, that such an allegation is sufficient to support Article III standing, regardless of whether the plaintiff actually paid money after receiving the communications at issue. *See, e.g.*, *Wheeler v. Midland Funding LLC*, No. 15-c-11152, 2020 WL 1469449, at *3-4 (N.D. Ill. Mar. 26, 2020); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16-c-2895, 2019 WL 4059154, at *3-4 (N.D. Ill. Aug. 28, 2019). Plaintiff does not cite any contrary authority holding that a failure to disclose that a debt is allegedly time barred is insufficient to support Article III standing. Plaintiff instead purports to rely heavily on the Seventh Circuit's recent decision in *Markakos*, but that case involved an allegation that the debt collector misstated *the amount* of the debt, not whether the debt was time barred. *Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021). *Markakos* did not overrule cases like *Wheeler* or *Pierre* – not expressly, nor silently by implication – and removal therefore remains proper post-*Markakos*.

Second, Plaintiff also seeks to recover actual damages from Defendant Dovenmuehle Mortgage, Inc. ("DMI") on behalf of putative class members who allegedly paid money after receiving the letters at issue. The Seventh Circuit has recognized that such alleged financial and economic injuries give rise to Article III standing. *See In re Aqua Dots Prods. Liability Litig.*, 654 F.3d 748, 750-51 (7th Cir. 2011). In his remand motion, Plaintiff argues that he is not asserting an injury based on actual damages, but instead is asserting an injury allegedly inflicted on "third parties." This argument contradicts the allegations in Plaintiff's Complaint that his claims "are typical of the claims of the proposed classes." In short, Plaintiff either has standing to seek actual damages against DMI, or lacks standing to seek such damages on behalf of a putative class and his allegations and claims for actual damages should be stricken from the Complaint.

Finally, Plaintiff is not entitled to recover his fees and costs. The removal provisions at 28 U.S.C. § 1447(c) authorize an award of fees and costs only when a case was removed to federal

court without an "objectively reasonable basis" and removal was foreclosed by "clearly established law." In this case, there is no "clearly established law" that forecloses the basis for removal. Moreover, Plaintiff's counsel in this case also represented the plaintiff in the appeal of the *Markakos* case and continued to argue that the plaintiff in that case had standing up until the Seventh Circuit issued its decision on May 14, 2021, the same date that DMI filed its Notice of Removal in this case. Plaintiff's counsel cannot now credibly argue that Defendant's standing arguments were unreasonable on May 14, 2021 when Plaintiff's counsel were making similar— albeit less supported—arguments on the same date.

Therefore, as explained below, the Court should deny Plaintiff's remand motion and deny his request for fees and costs.

## BACKGROUND

On or about March 17, 2021, Plaintiff filed a Complaint against Defendants DMI and BMO Harris Bank, N.A. ("BMO") in Cook County Circuit Court (the "State Court"). Complaint [Dkt. # 1-1] (Ex. A to Notice of Removal). In the Complaint, Plaintiff alleges that his family took out a home equity line of credit ("HELOC") from BMO's predecessor, Harris Bank, in 2004. *Id.* ¶ 22. Allegedly, Plaintiff, his mother, and his now-deceased father were all listed on the title to the home, and all three signed the HELOC agreement and mortgage. *Id.* ¶ 23. In 2007, Plaintiff and his parents allegedly quitclaimed their interests in the property (subject to the mortgage) to Plaintiff and his wife. *Id.* Plaintiff allegedly obtained a bankruptcy discharge of the debt in 2009. *Id.* Plaintiff additionally alleges that the HELOC matured in 2014, and all sums outstanding had become due in 2014. *Id.* ¶ 27. According to Plaintiff, no payments have been made on the HELOC by anyone since 2009. *Id.* ¶ 28.

3

Plaintiff alleges that DMI and BMO jointly sent a letter addressed to his parents dated August 27, 2020 and that DMI sent an additional letter addressed to his parents dated March 3, 2021. *Id.* ¶¶ 29-32 & Ex. A and B thereto. Both letters allegedly demanded payment or were sent to cause or induce payments to be made on the HELOC. *Id.* ¶¶ 36, 57. Plaintiff further alleges that the letters did not "disclose that the statute of limitations had run" on the HELOC. *Id.* ¶ 58.

Based on these allegations, Plaintiff asserts two Count against DMI. Compl. ¶¶ 69-76. First, Plaintiff alleges that DMI violated certain sections of the FDCPA by using a "false name" in connection with the collection of a debt. *Id.* ¶¶ 69-72 (citing 15 U.S.C. §§ 1692e, 1692e(10), and 1692e(14)). Second, Plaintiff alleges that DMI violated certain sections of the FDCPA by attempting to collect debts that were allegedly time barred. *Id.* ¶¶ 73-76 (citing 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), and 1692e(10)). Plaintiff also asserts one Count against BMO (as successor to Harris Bank) for declaratory and injunctive relief. *Id.* ¶¶ 77-81.

In addition, Plaintiff seeks to represent two putative classes against DMI and one putative class against BMO. *Id.* ¶¶ 60-62. The first putative class against DMI is defined to include all persons who were allegedly in default on the terms of their mortgage loan when they received a letter in the form of the letter attached as Exhibit B to the Complaint. *Id.* ¶ 60. The second putative class against DMI and the putative class against BMO are both defined to include all persons who were in default on an open end line of credit secured by Illinois real estate, and whose line of credit had matured prior to March 3, 2016 without any payments being made after March 3, 2016, when they received a letter in the form of Exhibits A or B to the Complaint. *Id.* ¶¶ 61-62.[1]

---

[1]     Defendants deny that class certification is appropriate in this case and reserve their rights to contest class certification at an appropriate time.

As against DMI, Plaintiff seeks (1) statutory damages on behalf of himself and putative class members, (2) actual damages on behalf of "any class members who paid money to DMI as a result of the conduct complained of," and (3) costs and attorneys' fees. Compl. ¶¶ 72, 76. As against BMO, Plaintiff seeks (1) a declaration that "the lines of credit and mortgages of Plaintiff and the putative class members are not legally enforceable," (2) an injunction prohibiting BMO from "attempting to collect the lines of credit and mortgages without disclosing that they are time-barred," and (3) costs of suit. *Id.* ¶ 81.

On May 14, 2021, DMI filed a Notice of Removal [Dkt. # 1], which removed this lawsuit to this Court, and BMO executed a Notice of Consent to Removal. [Dkt. # 1-1]. In the Notice of Removal, DMI explained that this Court has federal question jurisdiction over this case because Plaintiff asserts claims against DMI under a federal statute, the FDCPA. Notice of Removal ¶¶ 12-13. DMI also explained that Plaintiff has standing to bring his claims in federal court under Article III because: (1) Plaintiff alleges that Defendants failed to disclose that the debts at issue were allegedly time barred, which is a concrete injury sufficient to support Article III standing, and (2) Plaintiff also seeks to recover "actual damages" for the putative classes pled against DMI, in the form of money allegedly paid "to DMI as a result of the conduct complained of." *Id.* ¶ 14. On May 18, 2021, Plaintiff filed a Motion to Remand [Dkt. # 16].

## ARGUMENT

Plaintiff argues that this case should be remanded because he allegedly lacks Article III standing. Remand Mot. ¶¶ 8-12. Plaintiff further argues that he is entitled to recover his attorneys' fees and costs pursuant to 28 U.S.C. §1447(c) because there allegedly was no "objectively reasonable basis for seeking removal." *Id.* ¶ 15. Plaintiff is incorrect with respect to both arguments, and the Court should deny his remand motion and deny his request for fees and costs.

## I.      Removal Is Proper Because Plaintiff Has Alleged A Concrete Injury-in-Fact.

"A defendant may remove a case filed in state court that a plaintiff could have filed originally in federal court." *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 767 (N.D. Ill. 2019) (citing 28 U.S.C. § 1441). A plaintiff can file an original lawsuit in federal court if the lawsuit contains claims that arise under a federal statute. 28 U.S.C. § 1331. Here, it is undisputed that Plaintiff's claims against DMI arise under a federal statute, the FDCPA. Compl. ¶¶ 69-76.

In addition to asserting a federal statutory claim, a plaintiff must also allege facts that support Article III standing in order to maintain a lawsuit in federal court. *See Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). Standing is "a threshold requirement" that derives from the Constitution's limits on the authority of the federal courts to resolve "cases" and "controversies." *Id.* In order to have standing, a plaintiff must allege "that she has suffered a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely to be redressed by a favorable judicial decision." *Id.* (citing *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547 (2016)). In his remand motion, Plaintiff argues that he has not alleged a concrete injury-in-fact. Remand Mot. ¶¶ 7-13. Plaintiff is incorrect for either of two independent reasons: (1) Plaintiff alleges that Defendants failed to disclose that the debts at issue were allegedly time barred, which courts in this district have repeatedly held is a sufficiently concrete injury for Article III standing purposes, and (2) Plaintiff seeks to recover actual damages on behalf of putative class members who allegedly paid money to DMI, which is sufficient for standing purposes.

### A.      The failure to disclose that a debt is allegedly time barred gives rise to a concrete injury-in-fact.

The Seventh Circuit has held that a debt collector may violate the FDCPA by sending a letter attempting to collect a time-barred debt without informing the debtor that the debt collector is barred from suing to enforce the debt. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d

679, 686 (7th Cir. 2017). The court has found that such letters can harm debtors by misleading them about their rights and obligations with respect to the debt, including by inducing them to make partial payments, which may re-start a lapsed statute-of-limitations, and by potentially misleading debtors about the debt collector's right to sue to enforce the debt. *Id.* at 684-87.

Following the decision in *Pantoja*, courts in the Seventh Circuit recognized that an alleged failure to disclose that a debt is time barred gives rise to a concrete injury-in-fact. *See, e.g.*, *Navarroli v. Midland Funding LLC*, No. 18-c-2047, 2019 WL 1044801, at *3 (N.D. Ill. Mar. 5, 2019) (holding that plaintiff alleged concrete injury by alleging that debt collector failed to disclose debt was time barred and adding "its voice to the growing chorus within this district that has found standing in exactly this type of case"). As the court held in *Navarroli*, the fact that the debtor "did not actually pay" on the debt "is not relevant for standing under the FDCPA." *Id.* (citing cases).[2]

In June 2019, the Seventh Circuit held that a plaintiff's allegation of a "bare procedural violation" of the FDCPA is insufficient to support Article III standing. *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 335 (7th Cir. 2019). In *Casillas*, a debt collector allegedly sent a letter informing the debtor that she could dispute her debt or request additional information but failed to indicate that such a dispute or request must be made in writing. *Id.* at 332 (citing 15 U.S.C. § 1692g(a)). The Seventh Circuit held that this allegation alone failed to give rise to a concrete injury and that such an injury must be one that allegedly "harmed" or "presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." *Id.* at 333 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)).

---

[2] *See also, e.g.*, *Wheeler v. Midland Funding, LLC*, No. 15-c-11152, at *4-5 (N.D. Ill. July 31, 2017) (plaintiff alleged an injury-in-fact because letters "essentially encouraged him to make a payment on a now-expired debt"); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16-c-2895, 2017 WL 1427070, at *3-4 (N.D. Ill. Apr. 21, 2017) (finding plaintiff alleged injury-in-fact by alleging debt collector sent a "dunning letter that sought payment on a time-barred debt").

Several months later, in August 2019, the Seventh Circuit held that a debtor had sufficiently alleged a concrete injury-in-fact by alleging that a debt collector had entirely failed to inform the debtor of her statutory right to dispute the debt or request additional information. *Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049, 1053 (7th Cir. 2019). The court distinguished the holding in *Casillas* and found that the complete omission of the statutory notifications, and the fact that the debt collector had initiated litigation against the debtor, impaired the debtor's ability to exercise her statutory rights and therefore gave rise to Article III standing. *Id.* at 1053-54.

After the rulings in *Casillas* and *Lavallee*, courts in this district specifically reaffirmed the prior caselaw holding that a debt collector's alleged failure to inform a debtor that their debt is time barred is a concrete injury-in-fact. *See Wheeler*, 2020 WL 1469449, at *3-4; *Pierre*, 2019 WL 4059154, at *3-4. In those cases, the courts held that an attempt to induce payment on a time-barred debt presents an appreciable risk of harm to the debtors' interests in disputing their debts or otherwise responding to debt collectors, which are substantive interests that Congress sought to protect through the FDCPA. *See Wheeler*, 2020 WL 1469446, at *3-4; *Pierre*, 2019 WL 4059154, at *4. The lawyers representing Plaintiff in this case also represented the plaintiffs in both the *Wheeler* and *Pierre* cases and successfully argued that standing existed in both of those cases based solely on the alleged failure to inform the plaintiffs that their debts were allegedly time barred.

In late 2020 and early 2021, the Seventh Circuit issued a series of additional decisions holding that plaintiffs who allege bare procedural violations of the FDCPA lack standing to bring their claims in federal court. Those cases all involved allegations that the debt collectors had sent letters with allegedly false, deceptive, misleading, or unfair language or otherwise violated FDCPA requirements governing the content of communications sent to consumers. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1063 (7th Cir. 2020) (alleging that letters sent by debt collector

8

included allegedly misleading or unfair language); *Bazile*, 983 F.3d 277 (same); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 284 (7th Cir. 2020) (same); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1070 (7th Cir. 2020) (same); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020) (same); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 897-98 (7th Cir. 2020) (same); *Smith v. GC Servs. Ltd. P'Ship*, 986 F.3d 708, 709-10 (7th Cir. 2021) (same); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1043-44 (7th Cir. 2021) (alleging that debt collector violated FDCPA by communicating directly with consumer who was represented by an attorney and who had asked the debt collector to stop communications).

Importantly, none of these cases involved an allegation that a debt collector had failed to inform a borrower that the debt was allegedly time barred. Nor did any of the cases purport to overrule prior Seventh Circuit precedent, including *Pantoja* or *Lavallee*. To the contrary, the Seventh Circuit was careful to reaffirm that "[t]he nonreceipt of information to which a plaintiff is entitled under a statute may amount to a concrete injury" if such nonreceipt "impairs the plaintiff's 'ability to use [that information] for a substantive purpose that the statute envisioned.'" *Bazile*, 983 F.3d at 280 (quoting *Robertson v. Allied Solutions, LLC*, 902 F.3d 690, 694 (7th Cir. 2018)).

Courts in this district have recognized that the alleged failure to inform a debtor that a debt is time barred can impair the debtor's ability to contest the debt or to understand their legal options, which gives rise to a concrete injury-in-fact. *See Wheeler*, 2020 WL 1469449, at *3-4 (alleged failure to disclose that debt was time barred presented a risk of harm to the debtor's substantive interests); *Pierre*, 2019 WL 4059154, at *4 (alleged violation "harmed or presented an appreciable risk of harm to the underlying interest that Congress sought to protect").

In his motion to remand, Plaintiff argues that this case should be governed by the Seventh Circuit's recent decision in *Markakos*, which was issued on the same day this case was removed

to federal court.  Remand Mot. ¶ 11.[3]  But *Markakos* did not address an attempt to collect a time barred debt.  Instead, that case held a debt collector's alleged *misstatement of the amount of the debt owed* does not create a concrete injury-in-fact when the plaintiff has not made any payments or taken any other actions in reliance on the misstatement.  997 F.3d at 780-81.  This is because the misstatement of the amount owed does not impair the debtor's ability to contest the debt or otherwise respond to the letter.  *Id.*  In contrast, courts in this district have repeatedly held an alleged failure to disclose that a debt is time barred *does* impair the debtor's ability to contest the debt on statute-of-limitations grounds or to otherwise understand their rights and options in responding to a collection letter.  *See Wheeler*, 2020 WL 1469449, at *3-4; *Pierre*, 2019 WL 4059154, at *4.  Accordingly, the *Markakos* case is distinguishable and is not governing here.

Because Plaintiff has alleged that Defendants failed to disclose that his debt was time barred, he has stated a concrete injury-in-fact and he has Article III standing to maintain this case in federal court.  For this reason, the Court should deny Plaintiff's remand motion.

**B.    Plaintiff seeks to recover actual damages from DMI on behalf of putative class members who allegedly paid money after receiving the letters at issue.**

In addition to the concrete injury alleged by Plaintiff on his own behalf, Plaintiff also seeks to recover actual damages from DMI on behalf of putative class members who allegedly paid money after receiving the letters at issue despite the fact that their debts were allegedly time barred.  Compl. ¶¶ 72, 76.  The Seventh Circuit has recognized that such alleged financial and economic injuries can give rise to Article III standing.  *See In re Aqua Dots*, 654 F.3d at 750-51.

---

[3]    As explained in Section II below, Plaintiff's counsel also represented the plaintiff in the *Markakos* case and, until the Seventh Circuit's order was issued on May 14, 2021, continued to argue that the plaintiff in that case had standing to proceed in federal court.

In his remand motion, Plaintiff argues that he is not asserting an injury based on actual damages, but instead asserting an injury allegedly inflicted on "third parties." Remand Mot. ¶ 8. This contradicts the allegations in Plaintiff's Complaint that he seeks to recover "actual damages" on behalf of putative class members who paid money after receiving the letters at issue and that his claims "are typical of the claims of the proposed classes." Compl. ¶¶ 67, 72, 76. It is well established that a named plaintiff in a putative class action "must demonstrate standing for each form of relief sought." *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 890 (7th Cir. 2013). Therefore, Plaintiff either has standing to seek actual damages against DMI or lacks standing to seek such damages on behalf of a putative class. *Id.* If Plaintiff does not have standing to seek actual damages, then his allegations and claims seeking actual damages on behalf of the putative classes are inappropriate and should be dismissed and stricken from the Complaint. *See Geske v. PNY Tech., Inc.*, --- F. Supp. 3d ---, 2020 WL 7042887, at *9-11 (N.D. Ill. Nov. 30, 2020) (dismissing named plaintiff's claim for injunctive relief because named plaintiff lacked standing to seek such relief on his own behalf and on behalf of putative class).

Indeed, under Plaintiff's apparent theory, he could bring his suit in state court and wait until the class certification stage, at which point he would attempt to certify a class of individuals seeking actual damages. If such a class was certified, then the class members would have Article III standing based on their alleged "actual damages." At that point, Defendants could remove the case from state court to federal court, which would result in significant inefficiency and wasted time and effort for the parties and the courts. That is not how standing works. In short, Plaintiff either has standing to seek actual damages from DMI—as he asserts in his Complaint—or he lacks such standing and his claims and allegations seeking actual damages on behalf of putative class members should be dismissed and stricken from the Complaint.

**II.**     **Plaintiff Is Not Entitled To An Award Of Fees And Costs.**

Regardless of whether the Court ultimately finds that Plaintiff has Article III standing to maintain this lawsuit, Plaintiff is not entitled to an award of fees and costs. Plaintiff seeks his fees and costs pursuant to 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Remand Mot. ¶ 15. The Supreme Court has explained that a district court may award fees and costs under Section 1447(c) only when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Seventh Circuit has held that this standard is met only when "clearly established law demonstrated that [the defendant] had no basis for removal." *Lott v. Pfizer*, 492 F.3d 789, 793 (7th Cir. 2007). However, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id.*

In this case, there is no "clearly established law" that foreclosed Defendants' basis for removal. Plaintiff does not cite any binding authorities – or even any District Court cases from within the Seventh Circuit – holding that a failure to disclose that a debt is allegedly time barred is insufficient to constitute a concrete injury-in-fact for Article III standing purposes. Nor does such authority exist. To the contrary, there are a number of recent decisions holding that such allegations suffice to give rise to a concrete injury-in-fact. *See, e.g.*, *Wheeler*, 2020 WL 1469449, at *3-4; *Pierre*, 2019 WL 4059154, at *4.

Plaintiff instead relies on the Seventh Circuit's recent decision in *Markakos*. Remand Mot. ¶ 11. But that case does not involve an allegation that a debt collector failed to disclose that a debt was allegedly time barred, so it is distinguishable and is not governing here.

It is particularly ironic that Plaintiff relies heavily on *Markakos* because Plaintiff's counsel in this case also represented the plaintiff in *Markakos* and specifically argued that the plaintiff in that case had Article III standing based on the debt collector's alleged misstatement of the amount of the debt. The *Markakos* case was dismissed in July 2020, and the plaintiff's counsel at Edelman, Combs, Latturner & Goodwin, LLC ("Edelman Combs") appealed the dismissal of the case to the Seventh Circuit. Edelman Combs filed an opening brief in the Seventh Circuit in October 2020 and filed a reply brief in December 2020. In both of those briefs, the lawyers at Edelman Combs argued that the plaintiff had stated a concrete injury-in-fact by alleging that the debt collector failed to disclose the amount of the debt owed. *See Markakos* Opening Brief, Ex. A at pp. 16-25; *Markakos* Reply Brief, Ex. B at pp. 2-9. The lawyers argued that the failure to provide the correct amount of the debt inflicts an "informational injury" that satisfies Article III because it impairs the debtor's "substantive interest" in knowing the amount of the debt at issue. Ex. B at pp. 3-7.

The lawyers at Edelman Combs also filed a letter on December 23, 2020, which cited the Seventh Circuit's *Bazile* decision for the proposition that "informational injury" may "amount to a concrete injury" if it impairs "the plaintiff's ability to use that information for a substantive purpose that the statute envisioned." *Markakos* Dec. 23, 2020 Letter, Ex. C at p. 1 (citing *Bazile*, 983 F.3d at 280). On January 14, 2021, Daniel Edelman—the lead plaintiff's lawyer in *Markakos* and in this case—presented oral argument before the Seventh Circuit in support of the plaintiff's briefs. And Edelman Combs did not withdraw their arguments or otherwise walk back their position prior to the Seventh Circuit issuing its decision in *Markakos* on May 14, 2021.

Accordingly, until the very date that this case was removed to federal court, Plaintiff's lawyers at Edelman Combs continued to press the argument that the plaintiff in that case had Article III standing. Plaintiff's counsel cannot now credibly argue that Defendant's standing

13

arguments were unreasonable on May 14, 2021 when they were making similar—although less supported—arguments on the same date.

In summary, there was no "established law" that foreclosed the basis for removal in this case, and Plaintiff therefore is not entitled to an award of fees and costs.

## **CONCLUSION**

For the reasons stated above, the Court should deny the Plaintiff's motion to remand this case and deny Plaintiff's request for fees and costs.

Dated: June 14, 2021

Respectfully submitted:

*/s/ Christopher S. Comstock*
Lucia Nale
Christopher S. Comstock
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
lnale@mayerbrown.com
ccomstock@mayerbrown.com

*Counsel for Defendant Dovenmuehle Mortgage, Inc.*

*/s/ Brett J. Natarelli*
Richard Eric Gottlieb
Brett J. Natarelli
Madelaine Newcomb
**Manatt, Phelps & Phillips, LLP**
151 N. Franklin St., Suite 2600
Chicago, Illinois 60606
(312) 529-6300
rgottlieb@manatt.com
bnatarelli@manatt.com
mnewcomb@manatt.com

*Counsel for Defendant BMO Harris Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on June 14, 2021, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


By: <u>*/s/ Christopher S. Comstock*</u>
Christopher S. Comstock