IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIUSZ OSZCEPINSKI, <br> in his own right and on behalf of JOZEFA OSZCZEPINSKI, <br> and on behalf of Plaintiff and <br> the Class members described below, <br><br> Plaintiff, <br><br> v. <br><br> DOVENMUEHLE MORTGAGE, INC., <br> and BMO HARRIS BANK, N.A., <br><br> Defendants. | 21cv2621 <br> Judge Chang |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION
TO REMAND ACTION TO STATE COURT**

Plaintiff, Mariusz Oszcepinski, submits this reply in support of his motion to remand the case to Illinois state court.

**I. DEFENDANTS DO NOT EVEN ARGUE THAT THE "FALSE NAME" ALLEGATIONS SUPPORT FEDERAL JURISDICTION**

Defendants make no attempt to argue that Plaintiff's claim that Dovenmuehle used the false name "BMO Harris Bank" when engaging in collection efforts supports federal jurisdiction. *Markakos v. Medicredit, Inc.,* 997 F.3d 778, 2021 U.S. App. LEXIS 14339 (7th Cir. May 14, 2021), involved a similar claim, and rejected federal jurisdiction. At least that claim must be remanded. 28 U.S.C. §1441(c).

**II. FDCPA CLAIMS BASED ON UNSUCCESSFUL ATTEMPTS TO COLLECT MONEY THAT IS NOT OWED CANNOT BE BROUGHT IN FEDERAL COURT UNDER THE MOST RECENT SEVENTH CIRCUIT DECISIONS**

There is no question but that the Seventh Circuit has drastically altered prior standing law as applied to FDCPA cases, and that many claims previously considered to be within Article III are no longer so considered. *Tataru v. RGS Financial,* 18cv06106, 2021 U.S. Dist. LEXIS 581, 2021 WL

38142 (N.D.Ill., Jan. 4, 2021), rev'd on reconsideration, 2021 U.S. Dist. LEXIS 79413, 2021 WL 1614517 (N.D. Ill., Apr. 26, 2021). A concurring opinion in the most recent Seventh Circuit decision, *Markakos v. Medicredit, Inc.,* states that "The result of our flurry of recent decisions is that, at least in this circuit, a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another. . . . In other words, we now view the receipt of an inflated payment demand as simply 'receipt of a noncompliant collection letter.'" *Markakos v. Medicredit, Inc., supra,* 2021 U.S. App. LEXIS 14339, at *12 (7th Cir. May 14, 2021) (Ripple, J., concurring).

Defendants seek to distinguish between a demand as to which there is a complete defense such as limitations (this case) and one which is merely inflated by 400% (*Markakos*), even if in neither case was anything paid in response to the demand. Defendants claim (Dkt. #18, p. 2 of 15) that *Markakos* "did not overrule" cases such as *Pantoja v. Portfolio Recovery Associates, LLC,* 852 F.3d 679 (7th Cir. 2017); *Navarroli v. Midland Funding, LLC,* 18cv2047, 2019 U.S. Dist. LEXIS 34704, 2019 WL 1044801 (N.D.Ill., March 5, 2019); *Wheeler v. Midland Funding, LLC,* 15cv11152, 2020 U.S. Dist. LEXIS 52409, 2020 WL 1469449 (N.D.Ill., March 26, 2020), and *Pierre v. Midland Credit Management, Inc.,* 15cv2895, 2019 U.S. Dist. LEXIS 146272, 2019 WL 4059154 (N.D.Ill., Aug. 28, 2019).

All of these decisions were decided in 2019 and 2020, when the law changed in 2020-2021. Notwithstanding the pages of argument offered by Defendants, the proposed distinction between collection letters that seek payment of time-barred debts and collection letters that seek amounts not owed for other reasons is difficult to comprehend. In both cases, the debt collector demands money that the consumer is not obligated to pay. They pose a danger that unsophisticated consumers will pay money they are not obligated to pay. Yet *Markakos* held that is not enough to satisfy Article III. The *reason* for the lack of any obligation on the part of the consumer would not appear to have any bearing on whether the "receipt of a noncompliant collection letter," without

more, causes sufficient harm to satisfy Article III.

The Supreme Court's decision in *TransUnion LLC v. Ramirez*, No. 20–297, 2021 U.S. LEXIS 3401, *30-33 (June 25, 2021), confirms that a risk of future harm that does not materialize is generally not sufficient to confer standing under Article III for a damage claim, which is all the FDCPA authorizes.

Plaintiff does not dispute that some of the prior claims considered to be within federal jurisdiction were brought by his counsel. However, Plaintiff's counsel are now filing claims concerning attempts to collect time-barred debts in state court, as illustrated by this case. Plaintiff feels that state court is particularly appropriate where, as here, the reason that the consumer is not obligated to pay depends on state law. It is Defendants who claim that federal jurisdiction exists.

At best, the matter falls within the principle that if federal jurisdiction over a removed case is not clear, it should be remanded. There is a presumption against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–109 (1941). Doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III. DEFENDANTS CANNOT RELY ON HYPOTHETICAL PAYMENTS BY CLASS MEMBERS

Defendants' arguments that Plaintiff's request for the return of any money that may have been paid by class members (no one suggests that Plaintiff paid) confers jurisdiction miss the mark.

Defendants' reliance on *In re Aqua Dots Prods. Liab. Litig.*, 654 F.3d 748, 750-51 (7th Cir. 2011), is completely misplaced. In *Aqua Dots*, Defendant distributed toy beads that were dangerous because likely to be swallowed by the children intended to play with them, and that were eventually recalled for that reason. Plaintiffs were persons who had purchased the beads and sought to define a class of persons who had purchased the beads. Defendant challenged standing on the ground that

"none of the plaintiffs (or their children) was injured by swallowing the beads." The Court rejected this contention because "[t]his means that members of the class did not suffer physical injury, but it does not mean that they were uninjured. The plaintiffs' loss is financial: they paid more for the toys than they would have, had they known of the risks the beads posed to children. A financial injury creates standing." ( 654 F.3d at 750-51) This would support standing if Plaintiff in this case had paid money, but he didn't, and Defendants do not claim he did.

On June 25, 2021, the Supreme Court held that "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not." *TransUnion LLC v. Ramirez*, No. 20–297, 2021 U.S. LEXIS 3401, *25 (June 25, 2021).

Moreover, even if concrete harm to others were sufficient, Defendants do not allege that there is a sufficiently numerous class of persons who paid money. The party invoking the jurisdiction of the District Court has the burden of establishing that all aspects of federal jurisdiction, including the satisfaction of Article III standing requirements, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98 (1921); *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999). In the case of removal, the removing party – Defendants – bears that burden. *Collier v. SP Plus Corp.,* 889 F.3d 894 (7th Cir. 2018); *Dixon v. Washington & Jane Smith Cmty.*, 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (May 31, 2018).

The removal statutes, at 28 U.S.C. §1446, require Defendants to file a notice "containing a short and plain statement of the grounds for removal . . . ." If the existence of a class of persons who paid in response to Defendants' collection activities is essential to the exercise of federal jurisdiction, Defendants must at least allege that such a class exists. Defendants do not, even when Plaintiff's motion to remand questioned this.

Instead, Defendants rely on the fact that Plaintiff's prayer for relief sought the return of

money on behalf of any class members who may have paid, arguing that "a named plaintiff in a putative class action must demonstrate standing for each form of relief sought." But Defendants only cite Federal cases decided under the constraints of Article III for this proposition. (Dkt. #18, p. 11 of 15). Plaintiff filed his complaint in Illinois state court, which does not have standing requirements comparable to Article III.

Illinois courts have historically allowed suits to be brought by persons who clearly would not have standing under current Seventh Circuit law. Under Illinois law, if the legislature authorizes an individual to recover statutory damages or a penalty, that individual may file suit for that purpose. *Rosenbach v. Six Flags Entertainment Corp.,* 2019 IL 123186, 129 N.E.3d 1197 (Biometric Identification Privacy Act); *Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, 115 N.E.3d 1080 (same); *Soto v. Great America LLC,* 2020 IL App (2d) 180911, 165 N.E.3d 935 (Fair Credit Reporting Act receipt case); *Lee v. Buth-Na-Bodhaige, Inc.,* 2019 IL App (5th) 180033, ¶64, 143 N.E.3d 645 (same); *Duncan v. FedEx Office & Print Services, Inc.,* 2019 IL App (1st) 180857, 123 N.E.3d 1249 (same); *Landis v. Marc Realty, L.L.C.,* 235 Ill.2d 1, 919 N.E.2d 300 (1st Dist. 2009) (statutory penalty for landlord's failure to timely return its tenants' security deposit under Chicago Residential Landlord Tenant Ordinance (CRLTO)); *Namur v. Habitat Co.,* 294 Ill.App.3d 1007, 691 N.E.2d 782 (1st Dist. 1998) (tenant whose security deposit is not maintained in special trust account may sue for statutory penalty under CRLTO, even if nothing untoward happens to the deposit); *Faison v. RTFX, Inc.,* 2014 IL App (1st) 121893, 6 N.E.3d 376 (tenant may recover statutory penalty under CRLTO for failure to provide receipt for security deposit containing prescribed information); *Indianapolis & St. Louis R.R. v. People,* 91 Ill. 452, 455-56 (1879) (statutory penalty for defendant's failure to stop trains before crossing another railroad's tracks); *Toledo, Peoria & Warsaw Ry. v. Foster,* 43 Ill. 480, 481 (1867) (private action for statutory penalty for railroad's failure to sound whistle at crossing, explaining that jury can "tak[e] away a person's property under the form of a fine [if] they should be

satisfied the law has been violated"); *Cairo & St. Louis R.R. v. Warrington,* 92 Ill. 157, 159-60 (1879) (penalty on railroad for failure to fence its right of way; court held that "[t]he power to impose fines, penalties and forfeitures for a violation of or the non-observance of statutory requirements, is believed to be coeval with the common law itself. . . . In some cases the penalty is given to the informer, in others one-half to the government and the other half to the informer, or one-half to the informer and the other half to some charity or specific fund. We are aware of no case since the organization of our government, State or Federal, which has questioned the power of the legislature to thus dispose of a penalty or forfeiture. All must concede that when the General Assembly imposes a forfeiture, that body may dispose of it in such manner as in their wisdom they may see proper. They may appropriate such penalties to the general revenue of the State, to the school or other fund, general or local, or to a private person. This, it is believed, has never been questioned.").

The fact that Illinois courts would allow someone who claims no monetary loss to file a class action including all persons who received a letter demanding payment of a time-barred debt and are entitled to recover statutory damages, regardless of whether they have actual damages, does not entitle Defendants to removal. It simply underscores that Article III does not apply in state court, that Illinois courts can hear and determine cases that do not satisfy Article III, and that a defendant seeking to remove must show that Article III is met.

## IV. PLAINTIFFS SHOULD BE AWARDED ATTORNEY'S FEES

With respect to the issue of whether attorney's fees should be awarded, Defendants point out that in *Markakos*, a case filed in the district court in 2019, Plaintiff's counsel attempted to defend standing in the Seventh Circuit in January 2021, after the district court had denied standing and the statute of limitations prevented refiling in state court. However, on May 14, 2021, the Seventh Circuit decided otherwise. While Defendants removed the case on the same date as the *Markakos* decision was issued, they are still trying to stay in federal court as of the end of June 2021, even

though the reason why a consumer does not owe money that is demanded has no bearing on whether mere receipt of the demand is sufficient injury to create standing.

While Defendants repeatedly try to suggest some inconsistency on the part of Plaintiff's counsel, Plaintiff's counsel are filing cases such as the present one in state court. On the other hand, after the defense bar convinced the Seventh Circuit to in effect require that most FDCPA cases be brought in state court, Defendants have begun routinely filing removal petitions. We have counted at least 15 removal petitions in FDCPA cases filed in Illinois state court in 2021 (not including this case), mostly in cases which do not allege monetary loss.

The filing of a removal petition where there is no federal jurisdiction necessarily causes delay and increases the cost of litigation, while delaying consideration of the merits. The Court should require defendants who pursue unsuccessful removal petitions to foot the bill.

WHEREFORE the reasons stated above and in his initial motion, Plaintiff requests that this Court to remand this matter back to Circuit Court of Cook County, Illinois and to award Plaintiff reasonable attorneys' fees and cost incurred as a result of the removal.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
David Kim (ARDC 6303707)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on June 28, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

                                      */s/ Daniel A. Edelman*
                                      Daniel A. Edelman